## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**ANTHONY L. SMITH**                      **PLAINTIFF**

**v.**                      **CIVIL ACTION NO. 3:09CV-P161-S**

**DAVID L. YOUNG** *et al.*                      **DEFENDANTS**

### MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff, Anthony L. Smith, a convicted inmate currently incarcerated at the Branchville Correctional Facility in Branchville, Indiana, filed this 42 U.S.C. § 1983 action against Commonwealth of Kentucky Parole Officer David L. Young, Indiana Department of Corrections Correctional Officer John Doe I, and Indiana Department of Corrections Correctional Officer John Doe II. Smith sued each Defendant in both his individual and official capacity. Smith summarizes his claims as follows:

> This is a case in which the Defendants named herein, while acting under color of law and with deliberate indifference, violated Plaintiff's Fourth and Fourteenth Amendment rights, when Defendants unlawfully arrested and detained the Plaintiff, without probable cause or legal process, and subsequently unlawfully transferred him from Kentucky to Indiana to serve an unfinished sentence, while the Plaintiff had been a parolee jailed for an alleged violation of his Kentucky parole, and without the Plaintiff having first been afforded due process as regards [to] his Kentucky parole.

As relief, Smith seeks: 1) two-hundred-thousand dollars in compensatory damages against each Defendant; 2) one-million dollars in punitive damages against each Defendant; and 3) injunctive relief by "ordering the Defendants to afford [Smith] due process as regards his Kentucky parole."

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  The Court will now proceed to conduct the required review of Plaintiff's complaint.  After doing so, for the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim which relief may be granted.

## II. FACTS

On May 28, 2008, the Commonwealth of Kentucky granted Smith parole.  On May 29, 2008, the Commonwealth released Smith from the Blackburn Correctional Complex (B.C.C.) under the supervision of Defendant Parole Officer Young.  The following day Smith reported to Defendant Young.  After discussing the conditions and restrictions of parole with Smith, Defendant Young asked Smith to submit to a routine drug screening test.  Smith then confessed to Defendant Young that he had used marijuana approximately two weeks earlier while he still a prisoner at the B.C.C.  Defendant Young then asked Smith to sign an "admittance form" admitting his prior drug usage and providing the approximate dates of drug use.  Smith signed the form.  Defendant Young collected the signed form and exited the room for several minutes.  When Defendant Young returned, he stated that he was going to conduct a drug test on Smith.  Defendant Young then asked Smith to follow him down the hall.  Before Smith entered the restroom, another officer appeared, and Defendant Young and the other officer proceeded to seize and handcuff Smith.  Smith protested and demanded to know why he was being placed under arrest.  Smith alleges that Defendant Young told him it was because Indiana wanted to extradite him.  After being arrested by Defendant Young, Smith was booked into the Louisville Metro Department of Corrections and charged with having violated the terms of his parole.

Smith remained in the Louisville Metro Department of Corrections from May 30, 2008, to June 5, 2008. Smith was then handed over to two unknown Indiana Department of Corrections Officers so that he could be extradited to Indiana to finish serving a sentence there. Smith claims that even though the Defendant John Doe Officers knew that the extradition papers were not in the proper form, they took him into custody and transported him to Indiana.

Once Smith arrived in Indiana he was transferred to the Regional Diagnostic Center in Plainesville, Indiana, where he remained on lock-down for eight days. He was subsequently transferred to the Branchville Correctional Facility where he is currently serving an Indiana sentence of unspecified length.

### III. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466

(6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### IV. ANALYSIS

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48(1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id*. Therefore,

the Court will first address whether Smith's allegations establish that he was "deprived of a right secured by the Constitution or laws of the United States."[1]

A.  **FIRST CLAIM AGAINST DEFENDANT YOUNG**

Smith's first claim against Young "is that Young while acting under color of law and with deliberate indifference, unlawfully arrested and detained Smith without probable cause or legal process, thereby violating Smith's Fourth Amendment constitutional right to be free from illegal seizure."

> The Fourth Amendment to the United States Constitution provides:
>
> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourth Amendment does not require that a police officer obtain a warrant prior to arresting a suspect in every circumstance. *See Virginia v. Moore*, __ U.S.__,128 S. Ct. 1598, 170 L. Ed. 2d 559 (2008). "Warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Furthermore, an officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id.* at 153.

---

[1]For the purposes of its analysis, the Court has not distinguished between Smith's individual and official capacity claims because to state a § 1983 claim against Defendants in either capacity, Smith must first allege the denial of a cognizable federal or constitutional right. Because he has not done so in this case, there is no need to further analyze his claims. However, the Court does note that Defendants, as state officials and employees sued in their official capacities for money damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Moreover, "persons subject to criminal sanctions, such as incarcerated prisoners and parolees, have more limited Fourth Amendment rights." *Jenkins v. Currier*, 514 F.3d 1030, 1033 (10th Cir. 2008). The arrest of a parolee is more like "a mere transfer of the subject from constructive custody into actual or physical custody." *United States v. Butcher*, 926 F.2d 811, 814 (9th Cir. 1991). More importantly, "a state's operation of a probation or [parole] systems, like its operation of a school, government office or prison, or its supervision of a regulated industry, likewise presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements." *Griffin v. Wisconsin.*, 483 U.S. 868, 873-74 (1987).

Under Ky. Rev. Stat. § 439.430: "(1) Any parole officer having reason to believe that a parolee has violated the terms of his release may arrest the parolee without a warrant or may deputize any other peace officer to do so." The Supreme Court has upheld the validity of similar state regulations. *See, e.g., Griffin v. Wisconsin*, 483 U.S. at 880. As a matter of law, then, Defendant Young did not violate the Fourth Amendment when he arrested Smith without a warrant, pursuant to § 439.430 based upon his reasonable belief that Smith violated the conditions of his parole by using marijuana. *Id.* This is true regardless of whether Smith's subjective intent was to facilitate Smith's extradition to Indiana. *See United States v. Patterson*, No. 1:08-CR-0383 2009, U.S. Dist. LEXIS 29655 (M.D. Pa. Apr. 8, 2009) ("An officer's subjective motivation is incapable of invalidating behavior that is objectively justifiable.") (citing *Whren v. United States*, 517 U.S. 806, 812-13 (1996).

Once Smith was taken into custody, he had certain due process rights in relation to the revocation of his parole. It is well settled that "due process protections apply to parole revocation proceedings because one has a liberty interest in parole." *Bennett v. Bogan*, 66 F.3d

6

812, 818 (6th Cir. 1995) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). In *Morrissey*, the Supreme Court held that the Due Process Clause entitles a parolee to two parole revocation hearings. The first must be held *promptly* after arrest and detention for an alleged parole violation. "It is a prompt 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions[.]" *Id.* at 485. The second hearing is a final revocation hearing, "leading to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation[.]" *Id.* at 488.

Smith appears to allege that Young violated his rights because he was lodged in the Louisville Metro Department of Corrections for six days without a preliminary hearing. Such a delay is not unreasonable as a matter of law. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. at 482 (holding that a two-month lapse "would not appear to be unreasonable"); *Coleman v. Parra*, 163 F. Supp. 2d 876, 885 (S.D. Ohio 2000) (holding that the plaintiff's due process rights were not violated by a delay of one month between arrest and the preliminary hearing); *George v. Cockrell*, No. 3-02-CV-1642-G, 2002 U.S. Dist. LEXIS 24091 (N.D. Tex. Dec. 13, 2002) ("A three-month delay between the time of arrest and initial contact by a parole officer is not per se unreasonable.").

Thus, as a matter of law, Young cannot be held liable either for arresting Smith without a warrant or for his failure to provide Smith with a preliminary hearing during his six days at the Louisville Metro Department of Corrections.

B.     SECOND CLAIM AGAINST DEFENDANT YOUNG

Smith's second claim against Defendant Young is that Young "unlawfully revoked Smith's parole in effectuating his delivery to Indiana authorities without first affording him the required probable cause hearing for a determination of whether Smith violated his parole, and without affording Smith the required hearing before the Parole Board for a final decision of whether his parole should be revoked." Smith explains that "Young's actions amounted to an unlawful revocation of Smith's parole, without due process, the only distinction being that Smith was not returned to prison in Kentucky, but instead was unlawfully turned over to Indiana authorities who then extradited him to prison in Indiana." Smith's explanation, however, overlooks the fact that Smith is serving time in Indiana for a June 2005 robbery conviction. He is not being held in Indiana for violating the terms of his Kentucky parole. At most, Smith could argue that Kentucky officials failed to provide him with a hearing prior to extradition in violation of Kentucky's version of the Uniform Extradition Act, Ky. Rev. Stat. § 440.250. Even if such a violation occurred, however, it would not present a cognizable § 1983 claim. The Sixth Circuit has clearly held that a failure to conform to extradition procedures does not state a claim under § 1983. *Barton v. Norrod*, 106 F.3d 1289, 1295 (6th Cir. 1997) ("Although a number of courts allow a § 1983 claim when officers fail to comply with extradition procedures established by the Uniform Criminal Extradition Act . . . , we believe that the constitutional and statutory extradition provisions are not designed to protect fugitives. Rather, they are designed to facilitate the administration of justice between states."). Thus, Smith's second claim against Young fails to state a claim upon which relief may be granted.

C.  **CLAIMS AGAINST INDIANA DEPARTMENT OF CORRECTIONS OFFICERS**

Smith contends that Indiana Department of Corrections Officers John Doe I and II violated his due process rights when they persisted in their efforts to extradite him to Indiana even though they knew that he had not been afforded a preliminary hearing in Kentucky and had not signed an extradition waiver. Once again, however, Smith has failed to state a claim because the Sixth Circuit holds that the violation of the extradition procedures by the demanding state is not cognizable under § 1983. The Sixth Circuit explains its rationale behind this rule as follows:

> While we do not condone officials who fail to comply with extradition procedures, a fugitive's rights are sufficiently protected by those limitations placed on the demanding state by the Constitution when determining his guilt or innocence. And the Constitution is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. Allowing an additional layer of constitutional challenge affords the fugitive little benefit, while placing an unnecessary burden on the extradition process, something the Supreme Court has stressed must not be done.

*Barton v. Norrod*, 106 F.3d at 1298-1299; *see also Barnett v. Clark*, No. 1:06-cv-235, 2008 U.S. Dist. LEXIS 4738 (E.D. Tenn. Jan. 22, 2008) ("[S]ince fugitives have no right to require government officials to comply with formal extradition procedures, the improper extradition of Plaintiff does not violate any federal rights giving rise to a cause of action under § 1983."); *Deering v. Bouchard*, No. 2006 06-CV-11671, U.S. Dist. LEXIS 47992 ( E.D. Mich. June 30, 2006) ("Once a fugitive is returned to the demanding state, the right to challenge extradition becomes moot; the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue. Petitioner already has been returned to the demanding state, Michigan; therefore, the legality of his extradition from California is moot.").

Smith has already been extradited to Indiana where he is serving what appears to be a

sentence based on a legitimate Indiana conviction. Based on Sixth Circuit precedent, Smith does not have valid § 1983 claims against the Indiana John Doe Officers who carried out the extradition on behalf of the state of Indiana. Accordingly, Smith's claims against them will be dismissed for failure to state a claim upon which relief may be granted.

  Consistent with this Memorandum Opinion, the Court will enter an Order dismissing this action for failure to state any claim upon which relief may be granted.

Date:

cc: Plaintiff, *pro se*
   Defendants
4411.008